Case 7:01-cv-00032-R Document 45 Filed 05/24/07 Page 1 of 14 PageID 218

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

FILED
May 24, 2007

CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| JOSHUA LUKE BAGWELL, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 7:01-CV-032-R |
| | § | |
| NATHANIEL QUARTERMAN,[1] Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on to be considered the papers and pleadings filed in this action and the Court finds and orders as follows:

This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Joshua Luke Bagwell, an inmate confined by the Texas Department of Criminal Justice, Institutional Division. Upon a plea of not guilty, Petitioner was tried by jury and convicted for the offenses of capital murder and conspiracy to commit capital murder. Fed. Writ Pet. at 1; *State v. Bagwell, No. 97-11-84M-CR (97th Judicial District Court of Montague County, Texas).* On February 17, 1998, he received an automatic life sentence on the capital murder conviction and the jury imposed a 99-year sentence and a $10,000 fine on the conspiracy count. *Id.* His conviction was affirmed on direct appeal and his petition for discretionary review was refused. Fed. Writ Pet. at 1; *Bagwell v. State, No. 2-98-255-CR (Tex. App. – Ft. Worth 1999, pet. ref'd).* Bagwell filed one

---

[1] Effective June 1, 2006, Nathaniel Quarterman was named Director of the Texas Department of Criminal Justice, Correctional Institutions Division. The caption of this case is being changed pursuant to Fed. R. Civ. P. 25(d).

state application for habeas corpus relief without success. *Ex parte Bagwell, App. No. 47,943-01 at cover.*

In support of the instant petition, Bagwell presents the following grounds for relief:

1. There was insufficient evidence to establish the kidnapping component of the offenses of capital murder and conspiracy to commit capital murder.

2. He was denied effective assistance of counsel on appeal because counsel failed to argue that the evidence was insufficient to establish the kidnapping component fo the offenses of capital murder and conspiracy to commit capital murder.

3. He was denied effective assistance of counsel at trial.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "the Act"), Pub. L. 104-132, 110 Stat. 1214, under which we now have a heightened standard of review in federal habeas corpus proceedings. Title I of the Act substantially changed the way federal courts handle such actions. The AEDPA applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326, 117 S.Ct. 2059, 2063 (1997). Petitioner filed the instant petition after the effective date of the AEDPA. Therefore, Title I of the Act applies to his petition.

The AEDPA provides in pertinent part:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U.S.C.A. § 2254(d).

Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrived at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decided a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13, 120 S.Ct. 1495, 1523 (2000); *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir.), *cert. denied*, 531 U.S. 1002, 121 S.Ct. 508 (2000).  Under § 2254(d)(2), the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court (1) unreasonably applies the correct legal rule to the facts of a particular case or (2) it unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Williams*, 529 U.S. at 407, 120 S.Ct. at 1520.  The standard for determining whether a state court's application was unreasonable is an objective one.  This standard of review applies to all federal habeas corpus petitions which, like the instant case, were filed after April 24, 1996, provided that they were adjudicated on the merits in state court. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997).  Resolution on the merits in the habeas corpus context is a term of art that refers to the state court's disposition of the case on substantive rather than procedural grounds. *Green v. Johnson*, 116 F.3d 1115, 1121 (5th Cir. 1997).

Upon a finding that the state court is in compliance with the "contrary to" clause of 28 U.S.C. § 2254(d)(1), federal courts give deference to the state court's findings, unless such findings violate the "unreasonable application" clause of 28 U.S.C. § 2254(d)(2). *Chambers*, 218 F.3d at 363.  The "unreasonable application" clause concerns only questions of fact. *Hill v.*

*Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039, 121 S.Ct. 2001 (2001). The resolution of factual issues by the state court are afforded a presumption of correctness and will not be disturbed unless the habeas petitioner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Sumner v. Mata*, 449 U.S. 539, 550, 101 S.Ct. 764, 771 (1981). Absent such evidence, the presumption of correctness is applied provided that the state court findings are evidenced in writing, issued after a hearing on the merits and are fairly supported by the record. *E.g., Burden v. Zant*, 498 U.S. 433, 111 S.Ct. 862, 864 (1991); *Williams v. Scott*, 35 F.3d 159, 161 (5th Cir. 1994), *cert. denied*, 513 U.S. 1137, 115 S.Ct. 959 (1995); 28 U.S.C. § 2254(d).

Bagwell's first ground for relief is that there is insufficient evidence to establish the kidnapping component of capital murder. Fed. Writ Pet. at 2. It is well establish in the Fifth Circuit that, when a federal court reviews the sufficiency of evidence for habeas corpus proceedings challenging the judgment of a state court, its review is limited to determining whether, based upon the record evidence adduced at trial, no rational trier of fact could have found proof of guilt beyond a reasonable doubt. *Lucas v. Johnson,* 132 F.3d 1069, 1078 (5th Cir. 1998), *citing Jackson v. Virginia*, 443 U.S. 307, 324, 99 S.Ct. 2781 (1979). Furthermore, the court's review of the evidence is conducted in the light most favorable to the verdict. *Selvage v. Lynaugh*, 823 F.2d 845, 847 (5th Cir. 1987). Additionally, a federal habeas court must give great weight to a state court's determination of the sufficiency of the evidence. *Callins v. Collins*, 998 F.2d 269, 276 (5th Cir. 1993), *cert. denied,*510 U.S. 1141, 114 S. Ct. 1127 (1994).

A person commits kidnapping if he intentionally or knowingly abducts a person. Tex. Penal Code Ann. § 20.03 (a) (1996). "Abduct" is defined as restraining a person with intent to

prevent her liberation by secreting or holding her in a place where she is not likely to be found, or by using or threatening to use deadly force. Tex. Penal Code Ann. § 20.01 (2) (1994). The Texas Court of Criminal Appeals denied relief on this claim. *Ex parte Bagwell*, Application No. 47,943-01, at cover. Under the AEDPA, Bagwell must prove that the legal conclusion "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Bagwell claims that the victim was not kidnapped because she was unconscious. Fed. Writ Pet. at 10. He further argues that "the transportation of an unconscious person from one place to another without her express consent did not constitute a 'restraint' as defined by Texas law." *Id.* But the Texas Court of Criminal Appeals has held that the loading of a live, unconscious, victim into a vehicle and driving away is sufficient to prove restraint. *Santellan v. State*, 939 S.W.2d 155, 163 (1997). Therefore, Bagwell can not show that the Texas Court of Criminal Appeals' decision was contrary to, or involved and unreasonable application of Federal law.

Next Bagwell claims that he was denied effective assistance of counsel at the appellate level and at trial. Specifically, Bagwell claims that his attorney was ineffective for the following reasons:

1. Bagwell claims that he was denied effective assistance of counsel at the appellate level because counsel failed to raise the issue that the evidence was insufficient to establish the kidnapping component of the offenses of capital murder and conspiracy to commit capital murder.

2. Counsel opened the door to testimony that Texas Ranger Akin believed that Curtis Gambill was the shooter.

3. Counsel failed to file a motion in limine and object to testimony regarding the complainant's positive personal attributes.

      4.      Counsel failed to file a motion of limine and to timely object to testimony that Bagwell told a jailer that all officers in the room and all human beings deserved to die.

      5.      Counsel failed to file a motion of limine and to object to testimony that Bagwell told a teacher that he would kill any police officers who attempted to arrest him and that Tim McVeigh should be commended for his conduct.

      6.      Council elicited testimony that Bagwell carried a gun.

      7.      Counsel failed to object to the Prosecutor's argument regarding his autistic son.

      8.      Counsel failed to object to the Court's failure to define "restrain" and "without consent" in the jury charge.

In order to obtain habeas relief on a claim of ineffective assistance of counsel the petitioner must prove that his counsel's performance was deficient, and that it prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). The same standard is used for determining whether relief is appropriate for an ineffective assistance claim in the appellate context. *United States v. Merida*, 985 F.2d 198, 202 (5th Cir. 1993). To dispose of an ineffective assistance claim, a federal habeas court need not address both prongs of the *Strickland* standard. *Strickland*, 466 U.S. at 700, 104 S. Ct. at 2071; *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir.), *cert. denied*, 513 U.S. 960, 115 S. Ct. 418 (1994). Should a petitioner fail to meet either prong, his ineffective assistance claim must fail.

In measuring whether counsel's representation was deficient, a petitioner must show that counsel's representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687-88, 104 S. Ct. At 2064-65; *Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997). "It is well settled that effective assistance is not equivalent to errorless counsel or counsel judged ineffectively by hindsight." *Tijerina v. Estelle*, 692 F.2d 3, 7 (5th Cir. 1982). Additionally, a court reviewing an ineffectiveness claim must indulge a strong presumption that counsel's

conduct fell within the wide range of reasonable professional competence or that, under the circumstances, the challenged action might be considered sound trial strategy. *Gray v. Lynn*, 6 F.3d 265, 268 (5th Cir. 1993); *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992), *cert. denied,* 509 U.S. 921, 113 S. Ct. 3035 (1993).

In order to satisfy the second prong the petitioner must show that counsel's errors were so egregious as to deprive the defendant of a fair trial, such that the result was unreliable. *Srickland*, 466 U.S. at 687, 104 S. Ct. at 2064. The test to establish whether there was prejudice is whether "there is a reasonable probability that, but for the counsel's unprofessional errors, the trial would have been different." *Id.* at 694, 104 S. Ct. at 2068. A reasonable probability is "probability sufficient to undermine confidence in the outcome." *Id.*

Contrary to petitioner's assertion, there is a basis for applying the AEDPA to the ineffective counsel claims. All of the claims were presented to the Texas Court of Criminal Appeals in Bagwell's state habeas corpus application. *Ex parte Bagwell*, Application No. 47,943-01, at 18-29. The Texas Court of Criminal Appeals denied relief. *Id.* at cover. Petitioner argues the case should be reviewed de novo because the ineffective assistance of counsel claims were not adjudicated on the merits. But the Fifth Circuit has held that when there is no clear state decision, they can determine on a case by case basis, whether the adjudication was on the merits. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999). In determining whether an adjudication is on the merits it considers three factors: (1) what the state courts have done in similar cases; (2) whether the history of the case suggests that the state court was aware of any grounds for not adjudication on the merits; and (3) whether the state courts's opinion suggest reliance on procedural grounds rather than a determination on the merits. *Id.* The first

factor suggests a finding on the merits. In Texas, when the Court of Criminal Appeals "denies" a writ instead of "dismissing" it, it is disposed of on the merits of the claim. *See Jackson v. Johnson*, 150 F.3d 520, 524 (5th Cir. 1998); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). The second factor also suggests a finding on the merits. The record of the case does not indicate any reasons why the court would not have granted relief on the merits. Finally, the third factor is inconclusive because the Texas Court of Criminal Appeals was silent as to their reason for denying relief. However, there is nothing in the record to suggest that the State court relied on procedural grounds in denying Bagwell relief. Because, there is a sound basis for applying the AEDPA, this court should not review Petitioner's ineffective assistance of counsel claims de novo.

The failure to raise the issue that the evidence was insufficient to prove an element of kidnapping was not deficient. In Texas, the transporting of an unconscious body is sufficient to prove kidnapping. *See supra p. 5. (relying on Santellan v. State*, 939 S.W.2d 155, 163 (1997)). Therefore, since the performance was not deficient, relief should be denied. But, even if the conduct was deficient, petitioner must show that it was prejudicial. Petitioner has not done this. Petitioner claims that if counsel had objected to the evidence, that he would have been acquitted of capital murder and conspiracy to commit capital murder on appeal. Fed. Writ Pet. at 14. But if the jury, or when authorized by law, the judge, does not find beyond a reasonable doubt that the defendant committed capital murder, the defendant may still be convicted of murder. Tex. Penal Code Ann. § 19.03(c). An individual guilty of first degree murder can be punished by imprisonment for life. Tex. Penal Code Ann. § 12.32(a). Therefore, regardless of whether the performance was deficient or not, the petitioner has failed to show that absent the kidnapping

evidence he would not have been convicted of first degree murder and sentenced to life in imprisonment. Also, Bagwell can not prove that the Texas court's adjudication of the claim was contrary to, or involved an unreasonable application of, federal law pursuant to 28 U.S.C. § 2254(d)(1). Therefore, relief on this claim must be denied.

Bagwell's next claim of ineffective counsel relates to counsel opening the door in regards to testimony given at trial by Texas Ranger, Lane Akin, the lead investigator in the case. Fed. Writ Pet. at 17. Even though Bagwell's counsel stated in an affidavit, in the state habeas proceedings, that his opening the door was not trial strategy, Petitioner's string of cases are distinguishable from the case at bar. In each of the cases the Petitioner cites in support of his position, the ineffective attorney opened the door to testimony that directly damaged the defendant. Petitioner claims that the key to the defense's strategy was getting the jury to believe Bagwell's testimony, that the youths had not discussed the killing of the victim prior to it happening, and reject Wood's testimony to the contrary. *Id.* at 27. Petitioner argues that by opening the door to Akin's opinion, the jury was implicitly advised that Bagwell was lying, and thus prejudiced the jury. *Id.* But after reviewing the record, there is no evidence that without Akin's testimony, the jury would have believed Bagwell. Therefore, the petitioner has failed to meet his burden of showing how, if the performance was deficient, it prejudiced Bagwell. In addition, Bagwell has failed to present evidence to show that the Texas Court of Criminal Appeals's adjudication of this ineffective assistance claim "was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d).

Bagwell's next claim of ineffective counsel involves the failure to file a motion in limine regarding the victim's positive personal attributes. Fed. Writ Pet. at 18. While counsel's failure

to file a motion in limine was possibly deficient in light of Texas Rule of Evidence 404(a)(2), it was not likely prejudicial due to the totality of the evidence against Bagwell. To dispose of an ineffective assistance of counsel claim, a federal habeas court need not address both prongs of the *Strickland* test. *Strickland*, 466 U.S. at 700, 104 S. Ct. At 2071; *Motlets v. Collins*, 18 F.3d 1223, 1226 (5th Cir.), *cert. denied*, 513 U.S. 960, 115 S. Ct. 418 (1994). The witness was called at the beginning of a very long trial and the majority of the complained testimony was relevant background facts to prove the relationship between the victim and co-defendants. Moreover, Petitioner has failed to show how the Texas Court of Criminal Appeals's adjudication of this ineffective assistance claim "was contrary to, or involved an unreasonable application of, clearly established federal law." 28 U.S.C. § 2254(d). Therefore, Petitioner is not entitled to relief on this claim.

Bagwell's next ineffective counsel claim relates to counsel's failure to file a motion in limine or timely object to testimony that Bagwell told a jailer that all officers in the room and all humans must die. Fed. Writ Pet. at 19. The record shows that counsel did file two separate motions pertaining to statements made to law enforcement officials. Clerk's Record Vol I pp.41 and 75-76. Additionally, the record shows that counsel objected immediately to the statements when they were made in court, and moved for a mistrial or in the alternative to have the testimony struck from the record. II SF 756-65. Petitioner argues that the filing of the motion in limine did not constitute effective performance because the motion in limine sought only to exclude "inculpatory oral and written statements to any law enforcement officer during a custodial interrogation." Fed. Writ Reply at 7. But a review of the motion shows that the motion was filed with intent to exclude "any oral or written statement made by the Defendant which

-10-

may have been made as a result of the transaction in question without first taking the matter up outside the presence of the jury to ascertain whether or not such statement is admissible and meets the constitutional tests set out in [the] State's statutes." Clerk's Record Vol. I p.41 (Def.'s 1st Mot. Limine ¶ 9). Thus, counsel's performance was not deficient. Further, Petitioner's argument that he was prejudiced is founded on the theory that the testimony showed his bad character. But the record shows that the court told the jury to disregard the statement, and therefore the Petitioner has not shown how the introduction of the evidence prejudiced the jury. II SF 765. Furthermore, the Petitioner has failed to show how the Texas Court of Criminal Appeals's adjudication of this ineffective assistance claim "was contrary to, or involved an unreasonable application of, clearly established federal law." 28 U.S.C. § 2254(d). Therefore, relief on this claim should be denied.

      Similarly, Petitioner's next claim of ineffective counsel regards the failure of his counsel to file a motion in limine or object to different testimony regarding Petitioner's statements to a teacher that he would kill any police officer who attempted to arrest him and that Tim McVeigh should be commended. Fed. Writ. Pet. at 21. Counsel was not deficient in failing to file a motion in limine because the Prosecutor would not have been able to ask any questions pertaining to the defendant's character unless defense counsel first brought into question the defendant's character. Tex. R. Evid. 404(a)(1)(A). Consequently, a motion in limine was not necessary because the prosecutor could not have ask the question unless the petitioner first referenced the subject, in which case a motion in limine would not have stopped the prosecution from asking. The failure to object was not a deficient performance either, because counsel had just addressed the same issue in direct examination. III SF 1543-49. Furthermore, the Petitioner

has failed to show how the Texas Court of Criminal Appeals's adjudication of this ineffective assistance claim "was contrary to, or involved an unreasonable application of, clearly established federal law." 28 U.S.C. § 2254(d).  Therefore, relief on this claim should be denied.

Petitioner's next ineffective counsel claim involves counsel eliciting testimony that the Petitioner carried a gun in his car.  Fed. Writ Pet. at 22.  Even assuming that this constituted deficient performance, Petitioner has not shown that the testimony was prejudicial.  Petitioner argues that this was evidence of an extraneous offense and impliedly asserts that because a person carries a gun, they are of bad character.  In Texas, it is not necessarily unlawful to carry a gun in your car.  It depends on the facts and circumstances at the time of possession which were not discussed at Bagwell's trial.  Petitioner has failed to show that the testimony regarding his possession of a gun was prejudicial in the outcome of the case.  Furthermore, the Petitioner has failed to show how the Texas Court of Criminal Appeals's adjudication of this ineffective assistance claim "was contrary to, or involved an unreasonable application of, clearly established federal law." 28 U.S.C. § 2254(d).  Therefore, Petitioner is not entitled to relief on this ground.

Petitioner's next ineffective counsel claim is that counsel failed to object to the prosecutor's argument regarding his autistic son.  Fed. Writ Pet. at 23.  But counsel does not have to make futile motions of objections. *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990).  Even if the failure to object was deficient, the Petitioner has provided no evidence that the prejudice was to the degree as to render an unfair verdict.  It unlikely that the Prosecutor's two sentences given at the end of trail, in lieu of all the incriminating evidence, was the reason why the jury convicted the Petitioner.  In the court's, charge the jury was instructed to disregard any statement not supported by the evidence.  It is presumed that the jury followed that charge.  Furthermore, the

-12-

Petitioner has failed to show how the Texas Court of Criminal Appeals's adjudication of this ineffective assistance claim "was contrary to, or involved an unreasonable application of, clearly established federal law." 28 U.S.C. § 2254(d).  Therefore, relief on this claim should be denied.

Petitioner's last ineffective counsel claim involves counsel's failure to object to the court not defining "restrain" and "without consent" in the jury charge.  Fed. Writ Pet. at 25.  As discussed above, the evidence was sufficient to support the kidnapping element. *See* pp. *4-5 supra*.  Texas law does not require the trial court to define these terms in a jury charge for the charged offense.  And no cases can be found where an appellant court has reversed a trial court because the terms were not defined in the jury charge.  A reviewing court "must strongly presume the trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992), *cert denied,* 509 U.S. 921, 113 S. Ct. 3035 (1993).

Here, Petitioner is suggesting that he could have argued to the jury that "[t]transporting [the victim] from the trailer to the bridge while she was unconscious did not constitute a 'restraint' ..." Fed. Writ Pet. at 25.  At the same time, Petitioner presumably would have asked the jury to believe his testimony that the victim was never unconscious.  See II SF 1510, 1520 & 1523.  As the district attorney pointed out in the State's response in the State habeas proceedings, "most trial attorneys would not consider it good trial strategy to make inconsistent arguments to the jury." *Ex Parte Bagwell*, Application No. 47,943-01, at 91.  Consequently, counsel's failure to object to the jury charge was not deficient performance.  Furthermore, the Petitioner has failed to show how the Texas Court of Criminal Appeals' adjudication of this

ineffective assistance claim "was contrary to, or involved an unreasonable application of, clearly established federal law." 28 U.S.C. § 2254(d).  He is not entitled to relief on this ground.

For the foregoing reasons, it is ORDERED that the petition for writ of habeas corpus is DENIED.

The Clerk of Court shall transmit a copies of this Order to Counsel for Petitioner and to Counsel for Respondent.

SO ORDERED this 24th day of May, 2007.

_____
JERRY BUCHMEYER
UNITED STATES DISTRICT JUDGE

-14-